UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEOUL VIOSYS CO., LTD., Plaintiff, v. P3 INTERNATIONAL CORP., Defendants. | Case No. 16 Civ 6276 AJN<br>ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS |

Defendant P3 International Corp. answers the allegations made in the numbered paragraphs of the Amended Complaint filed by plaintiff Seoul Viosys Co., Inc. as follows, and asserts the following Affirmative Defenses to the claims made therein.

1. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 1 of the Amended Complaint and therefore denies them.

2. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 2 of the Amended Complaint and therefore denies them.

3. Defendant admits that it is a corporation organized and existing under the laws of the State of New York having a principal place of business at 132 Nassau Street, New York, New York. Defendant is without sufficient knowledge to admit or deny the remaining allegations of paragraph 3 of the Amended Complaint and therefore denies them.

4. Denied.

5. Defendant admits that it has imported, distributed, sold and offered for sale the products identified in paragraph 5 of the Amended Complaint and denies the remaining allegations made therein.

6. Defendant admits that this action alleges claims of patent infringement arising under the patent laws of the United States, that this court has subject matter jurisdiction of

those asserted claims, and denies the remaining allegations of paragraph 6 of the Amended Complaint.

7. Defendant admits that this court can exercise personal jurisdiction over defendant and denies the remaining allegations of paragraph 7 of the Amended Complaint.

8. Admitted.

9. Defendant denies that the patent identified in paragraph 9 of the amended complaint was duly or legally issued to plaintiff, is without sufficient knowledge to admit or deny the remaining allegations of paragraph 9 of the Amended Complaint and therefore denies them.

10. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 10 of the Amended Complaint and therefore denies them.

11. Defendant denies that the patent identified in paragraph 11 of the amended complaint was duly or legally issued to plaintiff, is without sufficient knowledge to admit or deny the remaining allegations of paragraph 11 of the Amended Complaint and therefore denies them.

12. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 12 of the Amended Complaint and therefore denies them.

13. Defendant denies that the patent identified in paragraph 13 of the amended complaint was duly or legally issued to plaintiff, is without sufficient knowledge to admit or deny the remaining allegations of paragraph 13 of the Amended Complaint and therefore denies them.

14. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 14 of the Amended Complaint and therefore denies them.

15. Defendant denies that the patent identified in paragraph 15 of the amended complaint was duly or legally issued to plaintiff, is without sufficient knowledge to admit or deny the remaining allegations of paragraph 15 of the Amended Complaint and therefore denies them.

16. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 16 of the Amended Complaint and therefore denies them.

17. Defendant denies that the patent identified in paragraph 17 of the amended complaint was duly or legally issued to plaintiff, is without sufficient knowledge to admit or deny the remaining allegations of paragraph 17 of the Amended Complaint and therefore denies them.

18. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 18 of the Amended Complaint and therefore denies them.

19. Defendant denies that the patent identified in paragraph 19 of the amended complaint was duly or legally issued to plaintiff, is without sufficient knowledge to admit or deny the remaining allegations of paragraph 19 of the Amended Complaint and therefore denies them.

20. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 20 of the Amended Complaint and therefore denies them.

21. Defendant denies that the patent identified in paragraph 21 of the amended complaint was duly or legally issued to plaintiff, is without sufficient knowledge to admit or deny the remaining allegations of paragraph 21 of the Amended Complaint and therefore denies them.

22. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 22 of the Amended Complaint and therefore denies them.

23. Admitted.

24. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 24 of the Amended Complaint and therefore denies them.

25. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 25 of the Amended Complaint and therefore denies them.

26. Defendant is without sufficient knowledge to admit or deny the allegations of

paragraph 26 of the Amended Complaint and therefore denies them.

27. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 27 of the Amended Complaint and therefore denies them.

28. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 28 of the Amended Complaint and therefore denies them.

29. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 29 of the Amended Complaint and therefore denies them.

30. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 30 of the Amended Complaint and therefore denies them.

31. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 31 of the Amended Complaint and therefore denies them.

32. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 32 of the Amended Complaint and therefore denies them.

33. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 33 of the Amended Complaint and therefore denies them.

34. Admitted.

35. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 35 of the Amended Complaint and therefore denies them.

36. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 36 of the Amended Complaint and therefore denies them.

37. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 37 of the Amended Complaint and therefore denies them.

38. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 38 of the Amended Complaint and therefore denies them.

39. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 39 of the Amended Complaint and therefore denies them.

40. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 40 of the Amended Complaint and therefore denies them.

41. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 41 of the Amended Complaint and therefore denies them.

42. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 42 of the Amended Complaint and therefore denies them.

43. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 43 of the Amended Complaint and therefore denies them.

44. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 44 of the Amended Complaint and therefore denies them.

45. Admitted.

46. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 46 of the Amended Complaint and therefore denies them.

47. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 47 of the Amended Complaint and therefore denies them.

48. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 48 of the Amended Complaint and therefore denies them.

49. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 49 of the Amended Complaint and therefore denies them.

50. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 50 of the Amended Complaint and therefore denies them.

51. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 51 of the Amended Complaint and therefore denies them.

52. Admitted.

53. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 53 of the Amended Complaint and therefore denies them.

54. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 54 of the Amended Complaint and therefore denies them.

55. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 55 of the Amended Complaint and therefore denies them.

56. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 56 of the Amended Complaint and therefore denies them.

57. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 57 of the Amended Complaint and therefore denies them.

58. Admitted.

59. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 59 of the Amended Complaint and therefore denies them.

60. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 60 of the Amended Complaint and therefore denies them.

61. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 61 of the Amended Complaint and therefore denies them.

62. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 62 of the Amended Complaint and therefore denies them.

63. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 63 of the Amended Complaint and therefore denies them.

64 Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 64 of the Amended Complaint and therefore denies them.

65. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 65 of the Amended Complaint and therefore denies them.

66. Admitted.

67. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 67 of the Amended Complaint and therefore denies them.

68. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 68 of the Amended Complaint and therefore denies them.

69. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 69 of the Amended Complaint and therefore denies them.

70. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 70 of the Amended Complaint and therefore denies them.

71. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 71 of the Amended Complaint and therefore denies them.

72. Admitted.

73. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 73 of the Amended Complaint and therefore denies them.

74. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 74 of the Amended Complaint and therefore denies them.

75. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 75 of the Amended Complaint and therefore denies them.

76. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 76 of the Amended Complaint and therefore denies them.

77. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 77 of the Amended Complaint and therefore denies them.

78. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 78 of the Amended Complaint and therefore denies them.

79. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 79 of the Amended Complaint and therefore denies them.

80. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 80 of the Amended Complaint and therefore denies them.

81. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 81 of the Amended Complaint and therefore denies them.

82. Defendant repeats its answers to paragraphs 1 through 81 of the Amended Complaint as though fully set out here.

83. Denied.

84. Denied.

85. Defendant repeats its answers to paragraphs 1 through 84 of the Amended Complaint as though fully set out here.

86. Denied.

87. Denied.

88. Defendant repeats its answers to paragraphs 1 through 87 of the Amended Complaint as though fully set out here.

89. Denied.

90. Denied.

91. Defendant repeats its answers to paragraphs 1 through 90 of the Amended Complaint as though fully set out here.

92. Denied.

93. Denied.

94. Defendant repeats its answers to paragraphs 1 through 93 of the Amended Complaint as though fully set out here.

95. Denied.

96. Denied.

97. Defendant repeats its answers to paragraphs 1 through 96 of the Amended Complaint as though fully set out here.

98. Denied.

99. Denied.

100. Defendant repeats its answers to paragraphs 1 through 99 of the Amended Complaint as though fully set out here.

101. Denied.

102. Denied.

First Affirmative Defense

Defendant was not served with the exhibits to the Complaint nor was it served with the Amended Complaint. Defendant's counsel learned of the filing of the Amended Complaint only through the court's PACER docketing system and requested plaintiff's counsel to deliver a copy of the Amended Complaint to defendant's counsel, upon which he would agree to accept service thereof on behalf of defendant. Plaintiff's counsel refused to deliver that copy, refused to agree to deem the time to answer or otherwise respond to the Amended Complaint to run from the delivery of a copy to defendant's counsel, and refused to consent to an extension of defendant's time to respond to the amended complaint under FED.R.CIV.P.12(b) other than by responsive pleading.

Second Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

Third Affirmative Defense

Plaintiff's patents are invalid as obvious or anticipated by the prior art and are therefore unenforceable against defendant in this action.

Fourth Affirmative Defense

Plaintiff has admitted in its Amended Complaint that the LED components of defendant's P7880 Bug Trap, which was on sale in the United States more than one year before plaintiff filed an application in the United States for United States Patent No. 7,982,207, meet the limitations of the claims of that patent that plaintiff asserts in this action and, therefore, that its patent is invalid as anticipated by defendant's earlier sales of its P7880 Bug Trap. Plaintiff was thereby barred by 35 U.S.C. § 102(b) from entitlement to that patent.

Fifth Affirmative Defense

The claims of United States Patent No. 7,982,207 that plaintiff asserts in this action cannot legally be construed to encompass the LED components of defendant's P7880 Bug Trap because that product was sold more than one year before plaintiff filed an application in the United States for that patent.

Sixth Affirmative Defense

Plaintiff is entitled to no remedy for the alleged infringement of its United States Patent No. 7,951,626 because defendant was in possession of all product that plaintiff alleges infringe its patent before receiving any notice required by 35 U.S.C. § 287(b) alleging infringement of that method patent by virtue of the importation into the United States of products made abroad by plaintiff's patented process. The P7880 and P7885 were manufactured abroad by entities not affiliated with defendant. Plaintiff has not alleged infringement under 35 U.S.C. § 271(g).

Seventh Affirmative Defense

Plaintiff's patents are unenforceable for failure to comply with one or more statutory requirements for patentability, including 35 U.S.C. § 112.

Eighth Affirmative Defense

Defendant does not infringe the patents that plaintiff asserts in its Amended Complaint.

Ninth Affirmative Defense

Plaintiff is entitled to no damages for defendant's alleged infringement of the patents asserted in this action based upon defendant's use, importation, sale or offer for sale of products prior to the issuance of the respective patent nor more than six years prior to the filing of the complaint in this action that alleges infringement of the respective patent.

Tenth Affirmative Defense

Plaintiff's claims of patent infringement asserted in the Amended Complaint are barred under the doctrines of laches and estoppel. Defendant had been selling its Bug Traps with the allegedly infringing LED since June 2007, yet plaintiff did not allege infringement of its patents

until it commenced this action in August 2016. Defendant, a manufacturer of light emitting diodes for use in numerous applications and products, just this year introduced its own LED product, a MOSclean mosquito trap, in an effort to capitalize on the widespread anxiety regarding the Zika virus spread by the *aedes aegypti* mosquito.

Eleventh Affirmative Defense

Plaintiff's claims are unenforceable due to patent misuse and unclean hands.

WHEREFORE, defendant prays that this court enter judgment in its favor:

A. dismissing plaintiff's complaint with prejudice,

B. finding that plaintiff's pursuit of its patent infringement claims has rendered this case an exceptional one within the meaning of 35 U.S.C. § 285,

C. awarding defendant its costs and attorneys' fees in defending this action, and

D. awarding defendant such other and further relief as this court deems just and proper.

COUNTERCLAIMS

1. Counterclaimant P3 International Corp. is a corporation organized and existing under the laws of the State of New York having its principal place of business at 132 Nassau Street, New York, New York ("P3").

2. Upon information and belief, counterclaim defendant Seoul Viosys Co., Ltd. is a company organized and existing under the laws of the Republic of Korea, having its principal place of business at 65-16, Sandan-ro163beon-gil, Danwon-gu Ansan-si, Gyeonggi-do, Korea ("Viosys").

3. On August 17, 2016, Viosys filed an Amended Complaint in the United States District Court for the Southern District of New York alleging that P3 has infringed United States Patents No. 7,982,207, 7,951,626, 9,203,006, 8,692,282, 8,168,988, 8,664,693, and 9,269,867 ("the Viosys patents"), each of which it alleges it is the owner.

4. Upon information and belief, plaintiff Viosys is the owner of the Viosys patents.

Counterclaim I
Declaratory Judgment of Patent Invalidity

5. Counterclaimant repeats and realleges the allegations made in paragraphs 1 through 4 of these counterclaims as though fully set out here.

6. This is a claim for a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Viosys patents are invalid and arises under the patent laws of the United States, 35 U.S.C. § 100, *et. seq*. This court has jurisdiction over the claim under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this district under 28 U.S.C. § 1391(b).

7. An actual controversy exists between the parties insofar as Viosys alleges in this action that P3 infringes the Viosys patents.

8. The Viosys patents are invalid and unenforceable for failure to comply with one or more statutory requirements for patentability, including 35 U.S.C. §§ 102, 103 and 112.

Counterclaim II
Declaratory Judgment of Non-infringement

9. Counterclaimant repeats and realleges the allegations made in paragraphs 1 through 4 of these counterclaims as though fully set out here.

10. This is a claim for a declaratory judgment pursuant to 28 U.S.C. § 2201 that P3 does not infringe any claim of the Viosys patents and arises under the patent laws of the United States, 35 U.S.C. § 100, *et. seq*. This court has jurisdiction over the claim under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this district under 28 U.S.C. § 1391(b).

11. An actual controversy exists between the parties insofar as Viosys alleges in this action that P3 infringes the Viosys patents.

12. P3 does not infringe any claim of the Viosys patents.

Counterclaim III
Declaratory Judgment of Precluded Remedy

13. Counterclaimant repeats and realleges the allegations made in paragraphs 1 through 4 of these counterclaims as though fully set out here.

14. This is a claim for a declaratory judgment pursuant to 28 U.S.C. § 2201 that Viosys is entitled to no remedy for alleged infringement of United States Patent No.7,951,626 in violation of 28 U.S.C. § 271(g). This claim arises under the patent laws of the United States, 35 U.S.C. § 100, *et. seq*. This court has jurisdiction over the claim under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this district under 28 U.S.C. § 1391(b).

15. An actual controversy exists between the parties insofar as Viosys alleges in this action that P3 infringes the Viosys patents and seeks damages and an injunction therefor.

16. P3 had been in possession of all product alleged to infringe the patent prior to receiving any notice from Viosys required by 35 U.S.C. § 287(b) alleging that P3 infringed that method patent on the ground that the products were made abroad by plaintiff's patented process and then imported by P3 into the United States.

17. Viosys is entitled to no remedy for infringement of United States Patent No. 7,951,626 pursuant to 28 U.S.C. § 271(g).

WHEREFORE, P3 prays that this court enter judgment in its favor:

A. declaring that the Viosys patents are invalid and unenforceable,

B. declaring that P3 has not infringed the Viosys patents,

C. declaring that Viosys is entitled to no remedy for infringement of United States Patent No.7,951,626,

D. finding that Viosys' pursuit of its patent infringement claims has rendered this case an exceptional one within the meaning of 35 U.S.C. § 285,

E. awarding P3 its costs and attorneys' fees in defending this action, and

F. awarding P3 such other and further relief as this court deems just and proper.

P3 INTERNATIONAL CORP.

New York, New York
October 3, 2016

By: s/ *James A. Power Jr*

James A. Power Jr
Marguerite Del Valle
POWER DEL VALLE LLP
233 West 72nd Street
New York, New York 10023
212-877-0100
*jp@powerdel.com*