UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

SEOUL VIOSYS CO., LTD.,

    Plaintiff,

-v-

P3 INTERNATIONAL CORPORATION,

    Defendant.

Case No. 16-cv-6276 (AJN/SN)

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
REQUEST FOR RECONSIDERATION
OF THE COURT'S CLAIM CONSTRUCTION OPINION AND ORDER**

## I. INTRODUCTION

Pursuant to Local Civil Rule 6.3, Plaintiff Seoul Viosys Co. Ltd., ("Seoul Viosys") hereby moves for reconsideration of the Court's construction of the term "exposed from" as used in U.S. Patent No. 9,269,867 ("the '867 patent").

## II. LEGAL STANDARD FOR RECONSIDERATION

"[T]he standard for granting a ... motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). "To prevail on a motion for reconsideration and reargument, 'the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision.'" *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for re-litigating issues already decided by the Court." *Davidson v. Scully*, 172 F.Supp.2d 458, 461 (S.D.N.Y. 2001).

## III. ARGUMENT

In its Opinion and Order (D.I. 112), the Court construed the term "exposed from" to mean "removed from, via etching, photolithography, or other methods." *Id.* at 9. Plaintiff respectfully asserts that this construction, which was proposed by neither party during the claim construction process, resulted from error.

In the Opinion and Order, the Court identified as an issue whether "exposed from" requires an active process step or instead is a structural feature of the claimed "light emitting device." In settling on the former, the Court presented two bases for that conclusion: (1) that the term "exposed from" is used as part of a "sequence" and (2) that the '867 patent "consistently

uses 'exposed' to refer to removing the two layers placed above or over the first conductivity-type semiconductor layer." *Id.* at 8.

First, the Court failed to apply Defendant's concession that "'[e]xposed from' <u>is a structural limitation in the claim</u>." (D.I. 105 at 7 (emphasis added)). The Court's analysis can and should have ended at that point, as Defendant's concession resolved any dispute regarding the scope of the claim term. *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) (explaining that a court's role is to resolve genuine disputes between the parties).

Second, the Court committed a legal error by not addressing the "default" standard by which terms such as "exposed from" are construed. As Plaintiff explained in its claim construction brief (D.I. 97 at 9), "[w]ords like 'affixed' or 'conjoint,' which when 'read in context, describe[ ] the product more by its structure than by the process used to obtain it,' are product limitations, not process limitations . . . ***and are 'commonly and by default interpreted in their structural sense***.'" *Regents of University of Minnesota v. AGA Medical Corp.*, 717 F.3d 929, 938 (Fed. Cir. 2013) (emphasis added). In other words, terms that may be interpreted as either procedural or structural are construed, by default, as structural in apparatus claims. Rather than follow this default, the Court relied on Defendant's discussion of the positional relationships of various layers to adopt a construction that limits the claims to a specific method of manufacture. In so doing, the Court determined that construing "exposed from" as a process step (in an apparatus claim) was more "logical." Many rules of claim construction, however, are contrary to simple logic, but exist as a known framework in which claims are both drafted and litigated. For example, the terms "a" or "an" mean "one or more" in patent law, logic

notwithstanding. *Baldwin Graphic Sys., Inc. v. Siebert, Inc*., 512 F.3d 1338, 1342 (Fed. Cir. 2008).

Third, Plaintiff respectfully asserts that the Court's conclusion that the "disposed on" elements of claim 1 necessarily indicate a sequence of steps is unsupported. Each of the relevant elements, when read in view of the structural nature of claim 1, denote location (*i.e.*, position within the claimed structure) rather than process. Nothing in Defendant's brief or the Court's opinion addressed how the term "disposed," which was not a term selected for construction, was used by the inventors in the specification of the '867 patent. Contrary to the Court's conclusion, the specification confirms the structural rather than procedural meaning of the term by explaining "[i]n the irregular convex-concave pattern 290, each of the convex portions has one end, which ***is disposed below*** the active layer 140 and coplanar with or below the flat surface 130a." '867 patent at 9:31-34 (emphasis added). "Below" as used in this passage is clearly position rather than temporal, as the sequential addition of layers assumed by the Court would not result in a later "disposed" layer appearing below an earlier one. Moreover, claim 1 itself recites "the irregular convex-concave pattern ***is disposed between*** the first electrode pad and the second conductivity-type semiconductor layer." Here again, the term is positional rather than temporal because it fails to correspond to any sequence mentioned in the specification. By going beyond the scope of the terms actually in dispute and adopting an unsupported sequential rather than structural meaning for those undisputed terms, the Court erred.

Fourth, the Court's citations to the use of "exposed by" in the specification of the '867 patent contradict rather than support the conclusion reached. In particular, each cited instance unambiguously corresponds to a description of a process step. The specification, however, itself is broader than those process examples. As explained in Plaintiff's claim construction brief (D.I.

112 at 7), the specification of the '867 patent also uses "exposed" as an *adjective* to describe the structure of the finished product "The irregular convex-concave pattern 190 enhances light extraction efficiency by refracting light entering *the exposed surface* of the first conductive type semiconductor layer 130." '867 patent at 4:57-60 (emphasis added). The light refracting properties in the final product result from the structure of the surface. The specific requirement that the surface has been subjected to a processing step to expose the surface, therefore, should not be read into the claims from the specification's example process.

Fifth, the Court's Opinion overlooked the evidence from the prosecution history as cited by Plaintiff. In particular, the examiner expressly distinguished between two classes of inventions disclosed and claimed in the '867 patent: a "device, classified in H01L33/20" and a "method, classified in H01L33/007." ( D.I. 98-12 at SVC-00004409-10.) The Court's Opinion fails to account for this clear and unambiguous evidence from the prosecution history that the apparatus claims were solely structural by interpreting the various clauses as a product-by-process limitation.

Finally, even if the Court determines that a method interpretation is proper, the specific construction adopted here is flawed. In particular, the claim element as written provides "wherein the first conductivity-type semiconductor layer comprising the irregular convex-concave pattern **is exposed from** the active layer and the second conductivity-type semiconductor layer." Substituting in the Court's construction results in "wherein the first conductivity-type semiconductor layer comprising the irregular convex-concave pattern is [removed from, via etching, photolithography, or other methods] the active layer and the second conductivity-type semiconductor layer." Read in context, the Court's construction implies that the first conductivity-type semiconductor layer rather than the active layer and second

4

conductivity-type semiconductor layer is removed. That interpretation is inconsistent with both the Court's and Defendant's understanding of the claim. (D.I. 105 at 6 ("the [A] layer is exposed from what had been disposed on it, i.e, the [B] and [C] layers"); (D.I. 112 ("the '867 Patent consistently uses "exposed" to refer to removing the two layers placed above or over the first conductivity-type semiconductor layer via methods like photolithography and etching.").

In the alternative, Plaintiff requests leave to submit amended infringement contentions and a short supplemental expert report addressing the construction of "exposed from" adopted by the Court. As discussed above, the Court adopted a construction proposed by neither party. Plaintiff, therefore, requests the opportunity to address infringement under that new construction. Procedures addressing new constructions have been adopted by many courts faced with this issue. *See*, *e.g.*, Local Patent Rules of the Northern District of California 3-6(a) (available at http://www.cand.uscourts.gov/localrules/patent); Local Patent Rules of the Eastern District of Texas 3-6(a)(1) (available at http://www.txed.uscourts.gov/?q=patent-rules); Local Patent Rules of the Northern District of Illinois 3.4 (available at http://www.ilnd.uscourts.gov/LocalRules.aspx); Local Patent Rules of the District of New Jersey at 3.7 (available at http://www.njd.uscourts.gov/sites/njd/files/PatentRuleAmendment2011.pdf).

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider the adopted construction of "exposed from." In the alternative, Plaintiff requests leave to amend its infringement contentions and provide a short supplemental expert report addressing the issues raised by the Court's construction.

Date: September 19, 2017

                By: _/s/ Michael Eisenberg_
                    Michael Eisenberg
                    HOLLAND & KNIGHT LLP
                    31 West 52nd Street
                    New York, NY 10019
                    Tel: (212) 513-3200
                    Fax: (212) 385-9010
                    michael.eisenberg@hklaw.com

                    Attorney for Plaintiff,
                    Seoul Viosys Co. Ltd.