UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __ 11/29/2017 __

SEOUL VIOSYS CO., LTD.,

                                        Plaintiff,                    16-CV-06276 (AJN)(SN)

                -against-                                            OPINION & ORDER

P3 INTERNATIONAL CORP.,

                                        Defendant.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge**:

        Seoul Viosys Co., Ltd. ("Seoul Viosys" or the plaintiff) brought this lawsuit alleging that

P3 International Corp. ("P3 International" or the defendant) infringed four of its patents for

certain light-emitting diodes. Before reaching the merits in a patent case, the Court must first

construe the terms used in the patent as a matter of law. Markman v. Westview Instruments, Inc.

52 F.3d 967, 978-79 (Fed. Cir. 1995). The Court so construed four disputed patent terms in an

Opinion & Order on September 11, 2017 (the "Markman Opinion") (ECF No. 112).

        The plaintiff moved for reconsideration of the Court's construction of the term "exposed

from" in Patent No. 9,269,867 (the "'867 Patent"). Pl.'s Mem. of Law at 2 (ECF No. 115). In the

alternative, the plaintiff moved for leave to submit amended infringement contentions and a short

supplemental expert report. Id. at 5. The defendant opposed the plaintiff's motion, agreeing with

the Court's construction of the term. Df.'s Mem. of Law at 5 (ECF No. 120). The Court heard

arguments on plaintiff's motion on October 24, 2017.

**LEGAL STANDARD**

Seoul Viosys moves for reconsideration under Local Rule 6.3, which is governed by the same standard as Federal Rules of Civil Procedure 59(e) and 60(b). In re Facebook, Inc., IPO Sec. & Derivative Litig., 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), *aff'd sub nom.* Lowinger v. Morgan Stanley & Co. LLC, 841 F.3d 122 (2d Cir. 2016). This standard is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995). Alternatively, the Court will deny a motion for reconsideration unless the moving party demonstrates an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Facebook, 43 F. Supp. at 373 (quoting Schoolcraft v. City of New York, 298 F.R.D. 134, 136 (S.D.N.Y.2014)).

The Court should endeavor to construe Local Rule 6.3 narrowly to ensure that the motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir.1998) (quotations omitted). Further, a "motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court." Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001).

**DISCUSSION**

Seoul Viosys moves for reconsideration on the grounds that the Court overlooked certain legal precedent and facts in construing the term "exposed from" in the Markman Opinion. But Seoul Viosys either already discussed these issues in its Markman brief or they constitute new

arguments not previously presented to the Court. For example, Seoul Viosys's motion recycles the same quotes from the same cases that it quoted in its <u>Markman</u> brief. <u>Compare</u> ECF 115 at 3 <u>with</u> ECF 97 at 13). As another example, it contends, for the first time, that the defendant conceded the plaintiff's proposed construction was correct. Plaintiff's objections, therefore, suffer from the same defect as the underlying motion. Plaintiff does not point to evidence or legal precedent that the Court overlooked, but instead argues that the Court erred in its original application of the law or interpretation of the facts. But "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." <u>Shrader</u>, 70 F.3d at 257. Because Seoul Viosys failed to point to any evidence or case law overlooked by the Court, its motion does not meet the strict standard governing motions for reconsideration.

Moreover, the plaintiff's motion misinterprets the holding of the <u>Markman</u> Opinion, and misconstrues the governing case law. Seoul Viosys contends that the Court's construction of the term "exposed from" violates axiomatic patent law prohibiting the importation of process steps from the patent specification into the claim. <u>Lemelson v. United States</u>, 752 F.2d 1538, 1552 (Fed. Cir. 1985) (The Federal Circuit has "cautioned against limiting the claimed invention to preferred embodiments or specific examples in the specification."). In the plaintiff's view, any construction of a term that implicates an action improperly imports a process step. Hear'g Tr., ECF No. 128, at 4 (Oct. 24, 2017) ([T]he law requires [] that what we look at for purposes of infringement of a structural claim is simply what's there now."). Thus, Seoul Viosys urges the Court to construe "exposed from" to mean "uncovered by," which would "just look at the structure as it exists," not how the parts of the apparatus relate to one another. ECF No. 128, at 4.

But Seoul Viosys's argument is premised on a faulty interpretation of <u>Regents of University of Minnesota v. AGA Medical Corp.</u>, 717 F.3d 929, 938 (Fed. Cir. 2013). Seoul

Viosys correctly points out that Regents requires lower courts to construe terms that imply a process—words like "affix" or "conjoin"—as "product limitations, not process limitations." 717 F.3d at 938. But in construing these terms as product limitations, they still must "be given their ordinary meanings with respect to the claimed product's structure" and be consistent with the specification, which is "the single best guide to the meaning of a disputed term." Id. at 938-39. The ordinary meaning of a word and its use in the specification can often "require[] a particular relationship," meaning the parts of the apparatus must interact in a specific way. Id. For example, in Regents, two disks had to be "affixed" or "conjoined," meaning the apparatus had two separate parts that were subsequently attached. Id. The consequence of this construction was that defendant's one-piece device, which as an end product may have resembled the plaintiff's two-piece device, was not covered by the patent at issue. Id. at 935-37.

In the Markman Opinion, the Court construed the term "exposed from" to mean "removed by photolithography, etching, or other methods" based on both the specification and the ordinary meaning of the term. Markman Opinion at 9. Plaintiff argues, however, that "exposed from" should be construed as "uncovered by," so as to avoid importing any process limitations. But plaintiff makes the same error that the Regents plaintiff made: in seeking to avoid importing a process step, it adopts a construction at odds with both the specification and the term's ordinary meaning. The ordinary meaning of the term "exposed from" requires the first conductivity-type semiconductor layer to be covered *and then* revealed. This is also consistent with each of the patent's preferred embodiments. See Regents at 717 F.3d at 936. (quoting Gen. Am. Transp. Corp. v. Cryo–Trans, Inc., 93 F.3d 766, 770 (Fed .Cir. 1996) (The court's construction "is not just the preferred embodiment of the invention; it is the only one

described.")). Thus, the Court's construction in the <u>Markman</u> Opinion is a valid structural

limitation under <u>Regents</u>.

## CONCLUSION

The Court denies plaintiff's motion for reconsideration. The Clerk of Court is

respectfully requested to terminate the motion at ECF No. 114.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    November 29, 2017
          New York, New York