UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Seoul Viosys Co., Ltd.,

                  Plaintiff,

–v–

P3 International Corp.,

                  Defendant.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 1 2 2018

16-CV-6276 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff Seoul Viosys Co., Ltd. brings various claims for patent infringement against Defendant P3 International Corporation. On September 22, 2017, the Court denied Defendant's motion for judgment on the pleadings and for an award of attorney's fees. Dkt. No. 116 [hereafter, "September 22 Order"]. Now before the Court is Defendant's motion for reconsideration of the September 22 Order. Dkt. Nos. 123-24.

    For the reasons set forth below, Defendant's motion is denied.

## I. Background

    The Court assumes familiarity with the matter, the factual background of which is more fully described in the Court's September 22 Order. *See* Dkt. No. 116.

    On November 16, 2016, Defendant P3 International Corporation filed a motion for judgment on the pleadings with respect to two of the seven patents at issue in the amended complaint. Dkt. No. 19. In its motion, Defendant relied on matters outside of the pleadings with respect to each patent at issue. As a result, the Court faced a choice between excluding the

1

materials or converting the motion into one for summary judgment per Federal Rule of Civil Procedure 12(d).

In addressing Defendant's motion on the '207 Patent, the Court acknowledged that it could have elected to convert the motion but declined to do so, citing two main reasons. First, the Court found that although Plaintiff did acknowledge the possibility of conversion in its opposition brief, the Court could not be sure that each party had a "full and fair opportunity" to present its arguments on summary judgment. Dkt. No. 116 at 6-7 (quoting *First Fin. Ins. Co. v. Allstate Interior Demolition Corp.*, 193 F.3d 109, 115-16 (2d Cir. 1999)). Second, the Court noted that at the time the motion was filed, Plaintiff had not yet had any opportunity for discovery and found that discovery would be relevant to Plaintiff's defense against summary judgment. *Id.* at 7. Given this, the Court concluded that Plaintiff should be allowed to seek discovery with respect to the purported prior art before the Court entertains a motion for summary judgment. *Id.*

With respect to Defendant's motion on the '626 Patent, the Court rejected Defendant's arguments on both grounds asserted. The Court first found that Plaintiff had alleged sufficient detail so as to give Defendant fair notice of its claims of infringement, denying Defendant's argument that Plaintiff had failed to adequately state a claim. *Id.* at 8. Second, as with Defendant's motion on the '207 Patent, the Court found that Defendant's argument that 35 U.S.C. § 287(b)(2) precluded any chance that Plaintiff would receive a remedy for any infringement of the '626 Patent by importation relied upon evidence outside of the pleadings. *Id.* at 9. The Court again exercised its discretion in declining to convert the motion into one for summary judgment, finding that Plaintiff should have the opportunity for discovery into

2

Defendant's inventory or importation history. *Id.*

In its rulings then, the Court did not address the merits of Defendant's contentions, but merely determined it premature to consider the extraneous evidence and convert the motions into those for summary judgment. Approximately one month after the Court's September 22 Order was issued, Magistrate Judge Sarah Netburn, who has ably overseen the parties' many discovery disputes, set a schedule for the close of discovery and for summary judgment practice. Dkt. No. 127. Fact discovery closed on November 3, 2017, and expert discovery closed on December 29, 2017. *Id.* Summary judgment motions from each side are due in the first months of 2018. *Id.*

Despite this established schedule, which Defendant knew Judge Netburn was about to set at the time it filed the present motion, *see* Dkt. No. 122, Defendant moves the Court for reconsideration of its September 22 Order.

## II. Discussion

### A. Standard of Review

Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3 govern motions for reconsideration, and are intended to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (citation and internal quotation marks omitted). The standard for granting a motion for reconsideration "is strict," *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), because "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)

(citation and internal quotation marks omitted). For this reason, "[a] motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)). Instead, "[a] motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

### B. Defendant's Motion Simply Relitigates Decided Issues and Presents No Clear Error or Controlling Law

Defendant's motion for reconsideration makes four primary arguments. First, Defendant argues that Plaintiff knew that it had provided no notice to Defendant of its alleged infringement of Plaintiff's '626 method patent,[1] and that Plaintiff knew Defendant had not sold the products allegedly infringing its '207 Patent for more than a year prior to the date it applied for that patent. Dkt. No. 124 at 2. Defendant made these same arguments in its initial motion for judgment on the pleadings, *see* Dkt. No. 19 at 1-2, 6-7, and the Court considered them in its September 22 Order. *See* Dkt. No. 116 at 5-7, 9. Defendant's relitigation of these matters is not sufficient to warrant reconsideration. *See R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

---

[1] In its memorandum of law, Defendant mentions a '607 Patent not at issue in its motion for judgment of the pleadings. Dkt. No. 124 at 2. The Court assumes Defendant meant to refer to the '626 Patent, and excuses the typographical error.

Second, Defendant submits additional evidence outside of the pleadings – Plaintiff's response to Defendant's discovery request – in an attempt to bolster its initial argument that Plaintiff "admitted" that it failed to provide Defendant with the requisite notice. Dkt. No. 124 at 3 & Ex. 1. Again, these additional facts do not address the Court's *procedural* grounds for denying Defendant's motion and are best raised as part of any motion for summary judgment Defendant may choose to file.

Third, Defendant urges the Court to reconsider its decision to decline to convert its motion, arguing that Plaintiff would have suffered no surprise or prejudice if the Court had converted. *Id.* at 3-4. Defendant argues that Plaintiff's opposition, which challenged the motion for judgment on the pleadings on procedural grounds, "recognized that the motion relied on the evidence submitted, and expressly framed it as a Rule 56 summary judgment motion," and yet "declined to submit the required affidavit specifying any facts it might have needed to respond, as mandated by Rule 56(d)." *Id.* at 3 & n.4; Dkt. No. 126 at 3. These arguments were previously made in Defendant's reply brief in support of the underlying motion, *see* Dkt. No. 27 at 8-9, and were considered by the Court in its September 22 Order. *See* Dkt. No. 116 at 6-7. Defendant provides no authority for the proposition that Plaintiff was obligated to, in its response to a motion for judgment on the pleadings, provide an affidavit pursuant to Rule 56(d). That is the expectation when a party is resisting summary judgment on the ground that it needs additional discovery, *see Gurary v. Winehouse*, 190 F.3d 37, 43-44 (2d Cir. 1999), but to obligate a party presented with a motion for judgment on the pleadings – even one that notes the potentiality for conversion to summary judgment – to simultaneously submit an affidavit as though opposing summary judgment is expecting too much. While Defendant essentially argues that Plaintiff is

acting too clever by half in bolstering its position that conversion to a motion for summary judgment was improper by not making any real effort to discover facts contradicting Defendant's declarations, the Defendant's attempt to use Plaintiff's recognition of potential conversion of Defendant's motion as evidence that Plaintiff is playing games in order to preserve its procedural objection, might be similarly labeled as too clever. *See* Dkt. No. 124 at n.4 (citing Shakespeare in arguing that Plaintiff was "hoisted on his own petard"). Ultimately, Defendant provides no controlling authority suggesting that the Court's exercise of discretion was contrary to law, and the Court finds no reason for reconsideration on these grounds.

Fourth, Defendant argues that the Court "misconstrued" its assertion that Plaintiff "admitted" the invalidity of its '207 Patent by alleging that the P7880 Bug Trap, which was purportedly sold more than one year prior to Plaintiff's application for its patent, infringes its patent. Dkt. No. 124 at 5-6. Again, the Court understood the argument Defendant made in its brief, but concluded that it necessarily relied upon evidence outside of the pleadings. *See* Dkt. No. 116 at 5-6. Even now, in arguing for reconsideration, Defendant writes that Plaintiff's assertions, "when considered together with the evidence of those prior sales," are tantamount to an admission that prior art invalidated Plaintiff's patent claims. *Id.* But this evidence of prior sales was not in the pleadings. Defendant's misplaced citation to two Federal Circuit cases – *Evans Cooling* and *Vanmoor* – is telling, as in those cases, unlike this case, the Federal Circuit was reviewing the district court's grant of summary judgment, and there were no disputes as to whether the products offered for sale prior to the critical date included the patented features. *See Evans Cooling Sys., Inc. v. Gen. Motors Corp.*, 125 F.3d 1448, 1449 (Fed. Cir. 1997); *Vanmoor v. Walmart Stores Inc.*, 201 F.3d 1363, 1366-67 (Fed. Cir. 2000). By contrast, at the point this

motion was initially filed, discovery had not yet begun. That Plaintiff provides no contravening facts at that early stage – or even now in opposition to this motion – does not suggest the Court erred in declining to convert the motion to one for summary judgment. Defendant may relitigate this issue upon the close of discovery in its motion for summary judgment.

### III. Conclusion

For the foregoing reasons, Defendant's motion for reconsideration of the Court's September 22 Order is DENIED.

This resolves Dkt. No. 123.

SO ORDERED.

Dated: January 12, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge