UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 1 6 2019

Seoul Viosys Co., Ltd.,

        Plaintiff,

—v—

P3 International Corp.,

        Defendant.

16-CV-6276 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff Seoul Viosys Co., Ltd. brings various claims for patent infringement against Defendant P3 International Corporation. On September 30, 2018, the Court granted in part and denied in part Plaintiff's motion for partial summary judgment and granted in part and denied in part Defendant's motion for summary judgment. Dkt. No. 164 [hereafter, "September 2018 Order"]. Now before the Court is Plaintiff's motion for reconsideration of that order and Defendant's motion for reconsideration "or clarification" of that order. Dkt. Nos. 167, 175.

    For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED. Although Defendant's motion for reconsideration was largely resolved by the parties' subsequent stipulation, *see* Dkt. No. 204, the Court briefly addresses it below.

## I. BACKGROUND

    The Court assumes familiarity with this matter, the factual background of which is more fully described in the Court's September 2017 and September 2018 Orders. *See* Dkt. Nos. 116, 164.

The parties' cross-motions were filed on January 19, 2018 and February 19, 2018, respectively, and fully briefed by April 2, 2018. Dkt. Nos. 134, 149, 158, 161. After the Court granted in part and denied in part each party's motion, and after each party submitted motions for reconsideration concerning portions of the Court's September 2018 Order, the parties filed a stipulation agreeing to dismiss Plaintiff's claims of infringement of its '006, '282, '988, '693, and '867 patents. Dkt. No. 204 ¶¶ 1. Accordingly, the Court summarizes here only those portions of its September 2018 Order and the parties' reconsideration motion that are pertinent to Plaintiff's '207 and '626 patents.

In its September 2018 Order, the Court granted Defendant's motion for summary judgment as to Plaintiff's claims that Defendant's products infringed the asserted claims of Plaintiff's '207 and '626 patents. Dkt. No. 164 at 14–23. The Court also granted in part and denied in part Plaintiff's motion for partial summary judgment, including granting Plaintiff's motion as to the validity of several of its patents and dismissing Defendant's third affirmative defense (anticipation), fourth affirmative defense (on-sale bar as to '207 claims), and counterclaim I (declaratory judgment of patent invalidity). *Id.* at 25.

Now, Plaintiff seeks reconsideration of the Court's conclusion as to the invalidity of the asserted claims of its '207 patent. *See* Dkt. No. 168. In a submission that is now largely moot, Defendant sought "reconsideration or clarification" of the Court's dismissal of the above-listed affirmative defenses and counterclaims. *See* Dkt. Nos. 175, 204. Finally, should the Court deny Plaintiff's reconsideration motion, the parties have stipulated to the Court's entry of final judgment in accordance with its September 2018 Order as to Plaintiff's claims based on the '207 and '626 patents. *See* Dkt. No. 204 ¶ 4.

## II.    STANDARD OF REVIEW

"A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). This standard "'is strict' because 'reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Seoul Viosys Co., Ltd. v. P3 Int'l Corp.*, 16-CV-6276 (AJN), 2018 WL 401511, at *2 (S.D.N.Y. Jan. 12, 2018) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) and *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Accordingly, "[a] motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (quotation omitted). The decision whether to grant such a motion "rests within the sound discretion of the district court." *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013).

## III.    DISCUSSION

### A.    Plaintiff's Motion Relitigates Decided Issues and Presents No Clear Error or Controlling Law

The Court turns first to Plaintiff's motion. Plaintiff moves for reconsideration of the Court's grant of summary judgment for Defendant on the basis that the on-sale bar invalidated the asserted claims the '207 patent.

As to that issue, the Court's September 2018 Order held that Plaintiff's infringement

allegations proved anticipation of its own patent claims under the on-sale bar. September 2018 Order at 14–20. As the Court explained, the on-sale bar ordinarily applies when "the patentee has placed some device on sale prior to the critical date" one year prior to the filing of the patent application and the accused infringer successfully demonstrates, by clear and convincing evidence, "that th[e] device actually embodied or rendered obvious the patented invention." *Evans Cooling Sys., Inc. v. Gen. Motors Corp.*, 125 F.3d 1448, 1451 (Fed. Cir. 1997), *abrogated on other grounds by Pfaff v. Wells Electrs., Inc.*, 525 U.S. 55, 66–68 & n.11 (1998). However, "this burden is [also] met by [a *patentee*'s] allegation" that a product on sale prior to the critical date infringed its patent. *Id.*; *see also Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1366 (Fed. Cir. 2000).

Applied to this case, the Court concluded that Plaintiff's infringement contentions met the standard articulated in *Evans Cooling Systems* and *Vanmoor*. As the Court explained, Plaintiff alleged that Defendant's P7880 Bug Trap infringed claims of its '207 patent. Defendant had placed two separate orders for the P7880 Bug Trap, one prior to and one following the critical date. Because Plaintiff alleged only that the P7880 product infringed the asserted patent claims, without distinguishing between the pre- and post-critical date orders for that product, the Court concluded that its infringement allegations proved invalidity of those patent claims. Plaintiff makes assorted arguments that this determination was incorrect, but none warrant reconsideration of the Court's order.

Plaintiff's first three arguments rest on a single faulty premise. Specifically, Plaintiff interprets the Court's decision on Plaintiff's '207 infringement claim as predicated on the assumption that the products included in Plaintiff's *damages* calculation included products from

4

both of the product orders at issue in this case. Pl.'s Mot., Dkt. No. 168 at 4–5. According to

Plaintiff, the Court erred in construing Plaintiff's damages admissions as sufficient to establish

invalidity because patent liability and damages are determined separately, at different stages of

the analysis, and subject to different standards of proof. Plaintiff argues that the Court's

improper consideration of its damages arguments led the Court to erroneous fact-finding

regarding the source of the products in this calculation; to conflation of the appropriate standards

applicable at the infringement liability and damages phases of the litigation; and to failing to

afford Plaintiff an adequate opportunity to be heard on either point in violation of procedural due

process. *See id.* at 7–10, 5–7.

But the interpretation on which this argument is premised is flawed: the Court's

invalidity determination rested on Plaintiff's infringement allegations, and specifically on the

indiscriminate nature of such allegations. It is true that the Court briefly noted that the same

elision between product orders occurred in both Plaintiff's infringement allegations and its

damages argument. But this reference was meant merely to capture both parties' consistent

treatment of the batches as identical, not as a basis for the Court's reasoning, which self-

evidently rested on the congruence of Plaintiff's infringement allegations with Defendant's entire

product batch. Accordingly, the September 2018 Order's treatment of Plaintiff's damages

analysis does not warrant reconsideration for any of the reasons Plaintiff has identified.

Stripped of this misunderstanding, all that remain in Plaintiff's motion for reconsideration

are arguments the Court considered and rejected in its September 2018 Order. But a

reconsideration motion is not an appropriate vehicle to relitigate issues already decided by the

Court. *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). Plaintiff does not justify

raising these arguments again by identifying either an intervening change in controlling law or the availability of new evidence. Nor do its arguments, which are no more convincing at this juncture than they were in the original summary judgment briefing, rise to the high bar of warranting reconsideration to correct a clear error or to prevent manifest injustice. Accordingly, Plaintiff's motion for reconsideration is denied.

### B.     Defendant's Motion for Reconsideration or Clarification Is Resolved

Defendant's one-page "motion for reconsideration or clarification" asks that the Court "clarify" whether Defendant's third and fourth affirmative defenses and first counterclaim remain in the case to the extent those defenses and counterclaims are consistent with the grounds on which the Court granted summary judgment. Dkt. No. 175. In response, Plaintiff suggests an additional clarification concerning the Court's disposition as to the '988 patent and the Court's finding of invalidity with respect to the '207 patent. Dkt. No. 183. However, in January 2019, the parties entered a stipulation resolving all claims relating to patents other than the '207 and '626 patents and agreeing that only Plaintiff's motion for reconsideration and Defendant's application for fees as to the '207 and '626 patents remained pending. Dkt. No. 204.

To the extent any such clarifications are necessary, the Court affirms its summary judgment conclusion that the asserted claims of '207 are invalid under the on-sale bar in accordance with Defendant's arguments and affirmative defenses to this effect. Given the parties' stipulation of dismissal of the remaining claims and the Court's disposition of Plaintiff's reconsideration motion, the Court concludes that it is unnecessary to address this issue further.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration of the Court's September

2018 Order is DENIED, and the Court clarifies that opinion as necessary in accordance with

Defendant's motion for reconsideration.

In light of the parties' January 3, 2019 stipulation, which this Court so-ordered on

January 8, 2019, all other claims in this action have been resolved.  Accordingly, the Clerk of

Court is respectfully directed to enter judgment in accordance with the Court's September 30,

2018 Order as to Plaintiff's claims based on the '207 and '626 patents and to close this case.

Consistent with the parties' stipulation, the Court will retain jurisdiction over any subsequent

application for an award of nontaxable costs and attorney's fees.  As the magistrate judge denied

Defendant's previous application for fees without prejudice on August 9, 2019, Defendant may

refile any such motion in accordance with the magistrate judge's orders.  Dkt. No. 207.

This resolves Dkt. Nos. 167 and 175.

SO ORDERED.

Dated:  August 16, 2019
          New York, New York

_____
ALISON J. NATHAN
United States District Judge