

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Seoul Viosys Co., Ltd.,

                Plaintiff,

     –v–

P3 International Corporation,

                Defendant.

16-cv-6276 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

     Defendant P3 International moves for sanctions under Federal Rule of Civil Procedure 11, contending that Plaintiff Seoul Viosys's motion for reconsideration (Dkt. No. 167) was frivolous and was filed for improper purposes. For the reasons that follow, the Court denies the motion.

**I.    Background**

     The parties are familiar with the facts of this case and so the Court will not repeat them again at length. In a memorandum opinion and order dated September 30, 2018, the Court found that Seoul Viosys's '207 patent was invalid under the on-sale bar. Dkt. No. 164, at 14. Seoul Viosys moved for reconsideration, which the Court denied by opinion and order dated August 16, 2019. Dkt. No. 208. Apart from arguments considered and rejected in the Court's September 2018 order, Seoul Viosys contended only that the Court had improperly considered its damages arguments in concluding that the allegations in its complaint established anticipation of the '207 patent. The Court acknowledged Seoul Viosys's apparent misunderstanding of the Court's September 2018 order as relying on its damages allegation. *Id.* at 5. The Court clarified

that it discussed the damages allegations only for context and that its finding rested on the infringement allegations. *Id.* The Court entered judgment and the Federal Circuit affirmed without opinion. *See Seoul Viosys Co. v. P3 Int'l Corp.*, 810 F. App'x 903 (Fed. Cir. 2020).

## II.  Discussion

Federal Rule of Civil Procedure 11 allows a district court to impose sanctions when a party presents a pleading, motion, or other paper to the court for an improper purpose or that is not supported by law or fact. "As [the Second Circuit] ha[s] repeatedly held, 'Rule 11 is targeted at situations where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands.'" *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993) (some internal quotation marks omitted) (quoting *Associated Indem. Corp. v. Fairchild Indus.*, 961 F.2d 32, 34 (2d Cir. 1992) (quoting *Stern v. Leucadia Nat'l Corp.*, 844 F.2d 997, 1005 (2d Cir. 1988))). "When divining the point at which an argument turns from merely losing to losing and sanctionable, [the Second Circuit] ha[s] instructed district courts to resolve all doubts in favor of the signer." *Id.* (internal quotation marks and citations omitted). "The imposition of Rule 11 sanctions is discretionary and should be reserved for extreme cases . . . ." *Sorenson v. Wolfson*, 170 F. Supp. 3d 622, 626 (S.D.N.Y. 2016), *aff'd*, 683 F. App'x 33 (2d Cir. 2017).

P3 International points to the Federal Circuit's opinion in *Raylon LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361 (Fed. Cir. 2012), in which the Federal Circuit held that a district court abused its discretion in holding that a patent plaintiff's claim construction argument was not frivolous. *Raylon* arose from a district court within the Fifth Circuit, and so the Federal Circuit's holding on Rule 11 sanctions—applying Fifth Circuit law—is not binding on this Court. The Second Circuit has repeatedly emphasized that Rule 11 sanctions are appropriate in

only the most egregious cases.  *See, e.g.*, *Rodick*, 1 F.3d at 1350; *Stern*, 844 F.2d at 1005.  Nor would applying *Raylon* get P3 International the result it seeks.  The Federal Circuit there held that the district court abused its discretion because it applied the wrong legal standard under Fifth Circuit law—that is, it determined frivolousness based on a subjective, rather than objective, standard.  *Raylon*, 700 F.3d at 1367–68.  But the court did not hold that the district court was *required* to award sanctions.  To the contrary, it remanded to the district court to determine whether a sanctions award was appropriate.  *See id.* at 1370 ("Determining what sanctions, if any, to impose is initially a matter within the discretion of the district court.").

The Court finds that Seoul Viosys's motion for reconsideration was not frivolous.  To be sure, its arguments were weak, as are many of the (non-sanctionable) arguments presented to this Court.  But the Court recognized that it referenced Seoul Viosys's damages allegations in its September 2018 order, and that Seoul Viosys apparently misunderstood that those references were not necessary to the Court's reasoning.  Nor does P3 International provide any evidence that Seoul Viosys's motion was filed for an improper purpose apart from the bare allegations in the first paragraph of its brief.

Even assuming a Rule 11 violation here, the Court would decline to impose monetary sanctions.  Rule 11 affords district courts "broad discretion" to impose sanctions (including nonmonetary sanctions) or to decline to do so.  *Universitas Educ., LLC v. Nova Grp., Inc.*, 784 F.3d 99, 103 (2d Cir. 2015); *see* Fed. R. Civ. P. 11(c)(1) ("the court *may* impose an appropriate sanction" (emphasis added)).  The Court finds that a monetary sanction is unnecessary to deter unsupported arguments in a motion for reconsideration in circumstances like these, that Seoul Viosys's litigation conduct is not particularly culpable, and that the burden its motion for reconsideration imposed on P3 International and the Court was minimal.

**Conclusion**

P3 International's motion for Rule 11 Sanctions (Dkt. No. 209) is DENIED.

SO ORDERED.

Dated: November 19, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge