UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/12/21

Seoul Viosys Co., Ltd.,

                Plaintiff,

–v–

P3 International Corp.,

                Defendant.

16-cv-6276 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Before the Court are Defendant's objections to Magistrate Judge Netburn's report and recommendation that recommended denial of Defendant's motion for attorneys' fees under 35 U.S.C. § 285. For the reasons that follow, the Court adopts in full Judge Netburn's report and recommendation and overrules Defendant's objections.

    **I.    Background**

    The background of this case has been amply covered in the prior Opinions and Orders of the Court and of Judge Netburn. *See, e.g.*, Dkt. Nos. 229, 219, 208, 164. Judge Netburn was referred for general pretrial for the length of this action and played an active role in its resolution. *See* Dkt. No. 50.

    Relevant here, the Court referred Defendant's motion for attorneys' fees under 35 U.S.C. § 285 to Judge Netburn, who issued a report on October 8, 2019, recommending that the Court deny Defendant's motion. Report and Recommendation ("R&R"), Dkt. No. 219. Defendant filed objections on October 22, 2019. Objections, Dkt. No. 220. Plaintiff filed a response on November 5, 2019, Pl. Br., Dkt. No. 222, and Defendant filed a reply on November 13, 2019, Reply Br., Dkt. No. 224.

1

On June 15, 2020, the U.S. Court of Appeals for the Federal Circuit affirmed the Court's Opinion & Order that granted in part and denied in part the parties' cross-motions for summary judgment. *See* Dkt. Nos. 225 (Federal Circuit's opinion); 208 (denial of cross motions to reconsider); 164 (granting in part grant and denying in part summary judgment motions).

On July 27, 2020, Defendant filed a supplemental letter that attached additional authority. Suppl. Letter, Dkt. No. 228. The Court on November 19, 2020, denied Defendant's motion for sanctions under Federal Rule of Civil Procedure 11. Dkt. No. 229.

## II.     Legal standard

A court may designate a magistrate judge to submit to a judge of the court proposed findings of fact and recommendations for the disposition of certain motions. 28 U.S.C. § 636(b)(1)(B). A party to the action may file objections to the proposed findings and recommendations. *Id.* § 636(b)(1)(C). If a party has made specific objections to a magistrate judge's recommendation, the court reviews them de novo. Fed. R. Civ. P. 72(b)(3). Where a party does not object, the district court will review for clear error. *Amadasu v. Ngai*, No. 05-CV-2585 (RRM), 2012 WL 3930386, at *3 (E.D.N.Y. Sept. 9, 2012) (collecting cases). Under this standard, the Court will adopt portions of the report to which no objections were made unless they are "facially erroneous." *Bryant v. N.Y. State Dep't of Corr. Servs.*, 146 F. Supp. 2d 422, 424–25 (S.D.N.Y. 2001); *see also DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339–40 (S.D.N.Y. 2009) ("A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, [ ] left with the definite and firm conviction that a mistake has been committed.'" (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

## III.    Discussion

In patent suits, "[t]he court in exceptional cases may award reasonable attorney fees to

the prevailing party." 35 U.S.C. § 285. As summarized in the report and recommendation, an exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). In conducting that inquiry, "district courts could consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

For two main reasons, the report and recommendation concluded that this was not an exceptional case that justified fees to Defendant, the prevailing party. First, the report concluded that while Plaintiff did not prevail, its claims were not so lacking in merit as to be "objectively unreasonable or frivolous." R&R at 4. The report highlighted that Plaintiff survived Defendant's motion for judgment on the pleadings. *Id.* (citing *GoDaddy.com LLC v. RPost Commc'ns Ltd.*, No. 14-CV-00126 (PHX)(JAT), 2016 WL 4569122, at *7 (D. Ariz. Sept. 1, 2016)); *see* Dkt. Nos. 116 (denial of judgment on the pleadings), 130 (denial of reconsideration). Second, the report found that Defendant was just as much at fault for the "needlessly aggressive, costly, and protracted" litigation as was Plaintiff. R&R at 4. In support, the report noted that Defendant did not pursue settlement of the claims and filed several motions for reconsideration of the Court's orders. *Id.* at 5. The report further found that Defendant did not show Plaintiff had "an ulterior or bad-faith motive" but instead sought, to no avail, to prevail in the litigation on the merits. *Id.*

Defendant's objections challenge each conclusion in the report and recommendation.

3

The Court therefore reviews them de novo.

### A. Plaintiff's case

Defendant argues that Plaintiff's claims were objectively unreasonable and that Plaintiff had, or should have had, adequate evidence that its claims were baseless from the very beginning of litigation. Objections at 1–3, 7–8. That Plaintiff's claims were not dismissed on the pleadings, Defendant insists, has no bearing on the claims' substantive strength. *Id.* at 8–9.

The Court agrees with the report's conclusion. First, the fact that the Court denied Defendant's motion for judgment on the pleadings, Dkt. No. 116, and Defendant's motion to reconsider that denial, Dkt. No. 130, is not dispositive of the claims' merit. But it *does* indicate that Plaintiff's claims were not so frivolous as to make this an exceptional case. Defendant's primary case to the contrary involved a court that "issued a one-paragraph Order, denying the motion as premature" with leave to refile, which is distinguishable from the 10-page merits Order issued by this Court. *Roxane Lab'ys, Inc. v. Camber Pharms. Inc.*, No. CV 14-4042 (SRC), 2017 WL 1356324, at *3 (D.N.J. Apr. 12, 2017). Indeed, even in cases where a plaintiff's claim did *not* survive a motion for judgment on the pleadings, courts have been reluctant to shift fees. *E.g.*, *Blair v. Alstom Transp., Inc.*, No. 16 CIV. 3391 (PAE), 2020 WL 4504842, at *7–8 (S.D.N.Y. Aug. 5, 2020) (denying fees); *PersonalWeb Techs. LLC v. EMC Corp.*, No. 5:13-CV-01358-EJD, 2020 WL 3639676, at *2, *5 (N.D. Cal. July 6, 2020) (same); *Mortg. Application Techs., LLC v. Meridianlink, Inc.*, No. 8:19-CV-00704DOCDFM, 2020 WL 4187766, at *2, *4 (C.D. Cal. Mar. 12, 2020), *aff'd*, 839 F. App'x 520 (Fed. Cir. 2021) (same); *Baggage Airline Guest Servs., Inc. v. Roadie, Inc.*, No. CV 18-707-RGA, 2020 WL 757891, at *1, *4 (D. Del. Feb. 14, 2020), *aff'd*, 828 F. App'x 721 (Fed. Cir. 2020) (same); *BroadSoft, Inc. v. CallWave Commc'ns, LLC*, No. CV 13-711-RGA, 2019 WL 3750817, at *6 (D. Del. Aug. 8,

2019) (same).

Second, in granting in part Defendant's motion for summary judgment, the Court found that Plaintiff's claims lacked merit, but that reasoning does not support Defendant's conclusion that Plaintiff's claims were objectively unreasonable. *See* Dkt. No. 164 at 13–23. As to Plaintiff's knowledge of prior sales of the allegedly infringing product, Plaintiff raised non-frivolous, albeit unsuccessful, arguments based on reasonable interpretations of binding case law and the record before the Court. *Id.* at 16–19. As to Plaintiff's failure to provide Defendant notice of its infringement allegations, Plaintiff raised a novel interpretation of the patent statute that was not foreclosed by binding precedent. *Id.* at 21–23. That Plaintiff's arguments did not prevail—indeed, the Court found them weak—does not make this case exceptional. *See Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1180 (Fed. Cir. 2018).

The Court therefore adopts the report and recommendation's conclusion that the strength of Plaintiff's claims does not support a finding of exceptionality.

### B. Plaintiff's litigation conduct

In assessing attorneys' fees under § 285, a district court must also consider Plaintiff's "manner of litigation." *Elec. Commc'n Techs., LLC v. ShoppersChoice.com, LLC*, 963 F.3d 1371, 1377 (Fed. Cir. 2020). Defendant makes three objections to the report's finding that Plaintiff's conduct does not support imposing fees.

First, Defendant argues that its early notice to Plaintiff that its claims were unreasonable and should be withdrawn, else Defendant would seek fees under § 285, does not support the denial of fees to Defendant. Objections at 10. In fact, Defendant argues, it supports finding that Plaintiff acted unreasonably. *Id.* The Court agrees with Defendant, so far as it goes, that its effort to persuade Plaintiff to dismiss the action at the onset of litigation does not cut against

5

Defendant's later motion for fees. *See, e.g.*, Dkt. Nos. 19-12, 19-13, 19-14. But neither does this fact alter the Court's conclusion that fees should be denied. Plaintiff at summary judgment raised reasonable arguments even accepting the facts that Defendant presented to Plaintiff early in the litigation. *See* Dkt. No. 164 at 13–23.

Second, Defendant argues that the report and recommendation unduly blames Defendant for the contentious and lengthy litigation. Objections at 11. Defendant argues, in particular, that Plaintiff rebuffed Defendant's attempts to settle and that Defendant's motions for reconsideration were well founded. *Id.* at 12. The Court agrees with the report and recommendation that Defendant's conduct is relevant to the fees determination and that Defendant's conduct contributed to the acrimony in this case. *See Joao Control & Monitoring Sys., LLC v. Digit. Playground, Inc.*, No. 12-CV-6781 (RJS), 2018 WL 1596068, at *6 (S.D.N.Y. Mar. 28, 2018). For example, Defendant's initial resistance to keeping settlement talks confidential delayed negotiations before Judge Netburn. Dkt. No. 56 at 3–4, 11–16; *see also* Dkt. No. 80 (citing "persistent back and forth and animosity between the parties"). There are also indications that Defendant's insistence that Plaintiff must pay attorneys' fees unnecessarily hampered negotiations. *See* Dkt. No. 182-1 at 2–3; Eisenberg Decl. ¶¶ 4–7, Dkt. No. 185. And, as the report and recommendation observed, Defendant's unsuccessful motions for reconsideration delayed resolution of the case. *See* Dkt. Nos. 175, 123. Even if Defendant is not as blameworthy as Plaintiff, its conduct nevertheless counsels against awarding it attorneys' fees.

Last, Defendant argues that the report and recommendation erroneously required Defendant to provide "direct evidence of plaintiff's state of mind" to prove that Plaintiff acted unreasonably. Objections at 13. This objection misconstrues the report and recommendation, which did not require submission of direct evidence of intent. R&R at 5. Rather, Plaintiff's

motives can be inferred from its conduct. The Court agrees that Plaintiff's conduct was consistent with a genuine, albeit misguided, attempt to prevail on the merits. Judge Sullivan's reasoning in *Joao Control & Monitoring Systems* is pertinent: "Here, Plaintiff maintained this suit through claim construction and a motion for judgment on the pleadings. Thus, . . . Plaintiff has pressed the merits of its patents vigorously over a period of years, presumably at substantial expense to itself (or to its counsel)." 2018 WL 1596068, at *6. Plaintiff's "faith in its patents was clearly misguided," but its conduct is inconsistent with Defendant's contention that "this litigation was undertaken simply to score an easy settlement on the basis of a weak patent." *Id.*; *see, e.g.*, Reply Br. at 3 n.1; Dkt. No. 56 (suggesting that Plaintiff's conduct is consistent with that of "patent trolls"); *see also Small v. Implant Direct Mfg. LLC*, No. 06 CIV. 683 NRB, 2014 WL 5463621, at *4 (S.D.N.Y. Oct. 23, 2014), aff'd, 609 F. App'x 650 (Fed. Cir. 2015). The absence of bad faith or misconduct by Plaintiff is a significant factor against imposing fees. *See Small*, 2014 WL 5463621, at *5; *Hockeyline, Inc. v. STATS LLC*, No. 13-CV-1446 (CM), 2017 WL 1743022, at *5 (S.D.N.Y. Apr. 27, 2017) ("[M]ost post-*Octane* cases awarding fees continue to involve substantial litigation misconduct.").

Taking account of the totality of the circumstances, the Court concludes that this case was not exceptional and awarding attorneys' fees under 35 U.S.C. § 285 would not be appropriate.

## IV. Conclusion

Finding no error in the report and recommendation, the Court hereby ORDERS that the report and recommendation is adopted in full, and Defendant's objections are therefore overruled.

SO ORDERED.

7

Dated: October 12, 2021
      New York, New York

_____

ALISON J. NATHAN

United States District Judge